# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**TERRY KYLE,**
**Claimant Below, Petitioner**

**FILED**
**August 6, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.)  No. 25-ICA-33**          (JCN: 2023009277)

**PATRIOT COAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry Kyle appeals the December 20, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Patriot Coal Corporation ("PCC") timely filed a response.[1] Mr. Kyle did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Mr. Kyle a 0% permanent partial disability ("PPD") award for occupational pneumoconiosis ("OP").

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kyle completed an Employees' and Physicians' Report of Occupational Pneumoconiosis dated February 8, 2022. Mr. Kyle indicated that he was last exposed to minute particles of dust on November 19, 2015, when he ceased work due to health issues. Mr. Kyle also stated that he gets short of breath when walking, bending over, and carrying groceries. The physicians' portion of the form was completed by Erica Stanley, APRN, FNP-BC, and Richard Spencer, M.D. FNP Stanley and Dr. Spencer indicated that Mr. Kyle had OP, and that it impaired his capacity for work. The physicians' portion of the form noted that Mr. Kyle's lungs were clear/equal bilaterally, and that he gets short of breath on exertion. FNP Stanley noted normal breath sounds upon examination.

On January 11, 2023, the claim administrator issued an order accepting Mr. Kyle's application for OP benefits on a nonmedical basis. The claim administrator stated that based on Mr. Kyle's employment history, he was entitled to the presumption that any

---

[1] Mr. Kyle is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. PCC is represented by T. Jonathan Cook, Esq.

chronic respiratory disability resulted from his employment, and that he would be referred to the OP Board to determine the degree of his condition and any permanent impairment.

In findings dated March 23, 2023, the OP Board did not make a diagnosis of OP. The OP Board noted that Mr. Kyle ceased work in 2015 due to prostate cancer, and that he reported shortness of breath for ten to twelve years and a chronic cough for ten years, along with occasional wheezing. The OP Board indicated the physical examination showed Mr. Kyle to be in good general clinical condition. Mr. Kyle was not in any respiratory distress at rest, his chest cage was well formed, and there were no rales or wheezing. Further, the OP Board found that the x-ray of Mr. Kyle's chest showed insufficient pleural or parenchymal changes to establish a diagnosis of OP. The Board also considered the pulmonary function study it performed on March 23, 2023. The testing revealed an FVC of 93%, and FEV1 of 102%, and an FEV1/FVC of 109%. The diffusion study was deemed invalid due to an elevated carboxyhemoglobin level of 4.6.

On May 11, 2023, the claim administrator issued an order that granted a 0% PPD award for OP on the basis that the OP Board could not make a diagnosis of OP. Mr. Kyle protested this order to the Board.

Mr. Kyle underwent pulmonary testing at CAMC Occupational Lung Center on July 24, 2023. The FVC was 91% of predicted. A diffusion study revealed the DLCO was 77% of predicted, and the DL/VA was 84% of predicted. The carboxyhemoglobin was 2.8. Mr. Kyle underwent additional pulmonary testing at CAMC Occupational Lung Center on April 8, 2024. In this testing, the FVC was 87% of predicted, the DLCO was 78% of predicted, and the DL/VA was 83% of predicted. The carboxyhemoglobin was 2.1.

On September 25, 2024, a final hearing was held to take the testimony of the OP Board. Johnsey Leef III, M.D., testified that the PA chest radiograph from the Occupational Lung Center dated March 23, 2023, showed Mr. Kyle's lungs to be clear, with no evidence of OP, no pleural disease, and no disease process. Jack Kinder, M.D., testified that the spirometry and diffusion studies from New River Health performed on July 29, 2021, were within normal limits. The diffusion was abnormal at 74%, but the carboxyhemoglobin was elevated at 4.6, so that study could not be used to assess impairment. Dr. Kinder indicated that the subsequent testing performed on July 24, 2023, at the Occupational Lung Center was valid and reproducible. The carboxyhemoglobin level of 2.8 was within acceptable limits. Dr. Kinder testified that an additional study performed on April 8, 2024, revealed a carboxyhemoglobin level of 2.1, which was also within acceptable limits. However, Dr. Kinder indicated that this study showed no impairment, and that the Board must accept the study with the better volumes. Further, Dr. Kinder noted that diffusion studies will vary from day to day; thus, the Board uses the testing that demonstrates the best flow. While Dr. Kinder admitted that this was a close case, he believed that here, the best and most reliable result showed no impairment. Further, Dr. Kinder noted that the chest x-ray was normal in this case. Thus, Dr. Kinder testified that the OP Board recommended no PPD award for

OP. Bradley Henry, M.D., testified that he agreed with the opinions of Drs. Leef and Kinder.

By order dated December 20, 2024, the Board affirmed the claim administrator's order, which granted a 0% PPD award. The Board found that the findings of the OP Board were not clearly wrong, and that Mr. Kyle was entitled to no PPD award for OP. It is from this order that Mr. Kyle now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Kyle argues that the Board was clearly wrong, because the preponderance of the evidence provides that he has more than 0% whole person impairment due to OP. Mr. Kyle also avers that the Board was clearly wrong in not reversing the OP Board's recommendation pursuant to West Virginia Code § 23-4-1g. Further, Mr. Kyle asserts that the Board did not provide adequate reasoning for its decision. We disagree.

In Syllabus Point 3 of *Rhodes v. Workers' Compensation Division*, 209 W. Va. 8, 543 S.E.2d 289 (2000), the Supreme Court of Appeals of West Virginia held that the party protesting the findings of the OP Board has the burden to establish that the OP Board was clearly wrong. Here, the Board found that the OP Board's decision was not clearly wrong, and that Mr. Kyle is entitled to no PPD award for OP. Further, the Board noted that the members of the OP Board testified that Mr. Kyle had no impairment due to OP. Although Mr. Kyle argues that the Board failed to provide reasoning for its decision, it weighed the evidence and determined that the OP Board was not clearly wrong.

Mr. Kyle also asserts that the Board should have weighed the evidence in his favor pursuant to West Virginia Code § 23-4-1g(a), which provides that, "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted." However, pursuant to West Virginia Code § 23-4-6a (2005), the Board is to accord the OP Board considerable deference in determining impairment related to OP.[2] *See Fenton Glass Co. v. West Virginia Off. of Ins. Comm'r*, 222 W. Va. 420, 431, 664 S.E.2d 761, 772 (2008) (holding that the Board's decision was in clear violation of its statutory standard of review when it failed to accord proper statutory deference to the OP Board's conclusions.). Here, although the OP Board noted that this was a close case, it determined that there was no impairment demonstrated. The Board applied the correct standard of review, and it did not find the OP Board to be clearly wrong.

Upon review, we conclude that Mr. Kyle has failed to meet his burden of establishing that the OP Board was clearly wrong, and therefore, we cannot conclude that the Board erred in adopting the OP Board's recommendation.[3] As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order, which granted Mr. Kyle a 0% PPD award for OP.

Accordingly, we affirm the Board's December 20, 2024, order.

Affirmed.

---

[2] West Virginia Code § 23-4-6a provides in part, "[i]f a decision is objected to, the office of judges shall affirm the decision of the occupational pneumoconiosis Board made following hearing unless the decision is clearly wrong in view of the reliable, probative, and substantial evidence on the whole record."

[3] This Court notes that the Board's decision lacks reasoning. However, because Mr. Kyle did not demonstrate that the OP Board was clearly wrong, the Board's ultimate conclusion is not clearly wrong.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

5